# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

THARHONDA WRIGHT,

          Plaintiff,

v.

SOUTHERN HOME CARE
SERVICES, INC., d/b/a ALL WAYS
CARING HOME CARE,

          Defendant.

Civil Action No.

7:25-cv-00129-WLS

## CONSENT PROTECTIVE ORDER

**WHEREAS** the parties to the above-captioned lawsuit are engaged in discovery which may involve the production of information that one or both parties deem confidential, **IT IS HEREBY ORDERED** that the following restrictions and procedures shall apply:

## I.  DEFINITIONS

A.    "Confidential Information" includes only those documents, tangible things, and information that constitutes either: (1) a "trade secret," as defined by § 1(4) of the Uniform Trade Secrets Act[1]; (2) personal identifying information, such

---

[1] Uniform Trade Secrets Act §1(4): "Trade secret" means information, including a formula, pattern, compilation, program device, method, technique, or process, that: (i) derives independent economic value, actual or potential, from no being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

as a date of birth, Social Security number, or bank account information; (3) disciplinary or absence-related personnel information; or (4) personal health information protected by the Health Insurance Portability and Accountability Act (HIPAA). In the event that a disagreement arises with respect to the designation of certain information as Confidential, the parties will attempt to resolve the dispute before presenting it to the Court. The non-designating party may then, however, challenge the designation by way of conference or application to the Court.

B.    "Document" means any written or graphic matter, no matter how produced, recorded, stored or reproduced and includes, without limitation, deposition transcripts, exhibits thereto, responses to discovery demands, tape recordings and electronically stored data.

C.    "Qualified Person" means: (1) the party and the party's counsel, including such counsel's associate attorneys assisting in this action; (2) any litigation assistant, paralegal, stenographic, secretarial or clerical personnel assisting such counsel in this action; (3) persons from whom testimony is taken or is to be taken in these actions, except that such a person may only be shown Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information; (4) persons retained by or on behalf of the party in this action solely to assist in the preparation of this case for trial; (4) any assistant, stenographic, secretarial or clerical personnel employed by an expert or assisting such expert in

2

the preparation of this case for trial; (5) the Court and any court reporter or typist transcribing testimony; and (6) persons who are permitted access by either order of the Court or stipulation of the parties.

## II.  HANDLING OF CONFIDENTIAL INFORMATION

1.    A party may designate information as "Confidential" by marking a document with the legend "Confidential". Alternatively, a party may redact specific Confidential Information so long as the redactions are limited to the claimed Confidential Information itself, and the nature of the redacted information is identified (e.g., "Bank Account Number"). The redaction of an entire document in such a way as to no longer be able to determine the nature of the document is improper. Such identifications may be contained within the redaction itself or noted on a separate confidentiality log. Redaction by this method shall cease to qualify the document as containing "Confidential Information" as defined herein and thereby dispenses with any additional handling/production/filing requirements, including but not limited to the need to identity documents as "Confidential." With respect to testimony, all deposition testimony which includes discussion, or the attachment of properly identified as "Confidential" such portion of said deposition testimony shall be considered "Confidential."

3

2.      Only Qualified Persons may have access to Confidential Information, and only for the purposes of this action and shall not disclose any Confidential Information to anyone other than another Qualified Person.

3.      If a party intends to file unredacted Confidential Information with the Court in support of (or in opposition to) a dispositive motion, the party shall follow the practice for filing and sealing documents as required by the Court. A party wishing to file a document marked "Confidential" under seal shall first consult with the designating counsel to determine if less restrictive measures than filing under seal may provide adequate protection.

4.      If a less restrictive method cannot be identified, the party seeking to submit Confidential Information must file the same under provisional seal with the clerk of the Court in accordance with the District Court's Rules regarding filing materials under seal. The designating party may then move that such document(s) containing Confidential Information be sealed by the Court. The Court will have an opportunity to review the claimed Confidential Information to determine, among other things, if the information must be submitted under seal. Mere reference or discussion of Confidential Information does not warrant sealing of the entire document and all attachments to be filed.

5.      The parties will limit their requests to seal to only specific portions of documents that contain or refer to Confidential information. All claimed

4

Confidential Information shall remain confidential until the Court has made a determination as to whether or not the information must be submitted under seal.

6.    All Confidential Information, including any copies thereof and any notices or other records regarding such information, shall be maintained within the exclusive custody and control of the counsel for the party receiving such information. However, Confidential Information may be temporarily removed from said custody and control in order to permit Qualified Persons to utilize it in any depositions or Court proceedings in this action.

7.    Within sixty (60) days of the termination of this action, each party shall, upon the request of the opposite party, return or destroy all documents containing Confidential Information received from the party to that party, including all copies of such documents which may have been made, but not including any notices or other attorney work product that may have been placed thereon by counsel. The party receiving back such Confidential Information shall acknowledge the receipt of such documents in writing; if documents are destroyed, the party destroying the documents shall certify that all such documents have been destroyed pursuant to the provisions of this Order. Any copies of Confidential Information claimed by an attorney to contain attorney work product shall be destroyed by the counsel asserting the privilege within sixty (60) days of the termination of this action.

5

8.    This Order will govern the use of Confidential Information with respect to the discovery process and dispositive motions only. Any restrictions on the use of evidence at trial will be determined by motions in limine and appropriate evidentiary objections regardless of whether the subject evidence was classified as "Confidential Information" under this Order.

9.    Nothing in this Order will prejudice either party from seeking amendments thereto, or from seeking any further order from the Court to protect information such party deems appropriate for such other relief as may be necessary.

The Court hereby enters and approves the parties' Consent Protective Order as the Order of this Court.

SO ORDERED, this _16th_ day of _May_ 2026.

W. Louis Sands, Senior Judge
UNITED STATES DISTRICT COURT